FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ NOV 09 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT BRIGANDI,

        Plaintiff,

        -against-

MALVERNE UNION FREE SCHOOL DISTRICT,
and MALVERNE UNION FREE SCHOOL
DISTRICT BOARD OF EDUCATION,

        Defendants.
-----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 14-6452

(Wexler, J.)

APPEARANCES:

Law Office of Steven A. Morelli, P.C.
By: Steven A. Morelli, Esq.
1461 Franklin Avenue
Garden City, NY 11530
Attorneys for Plaintiff

Sokoloff Stern LLP
By: Steven C. Stern, Esq.
     Melissa Holtzer, Esq.
179 Westbury Avenue
Carle Place, NY 11514
Attorneys for Defendants

WEXLER, District Judge:

        Plaintiff Robert Brigandi ("Plaintiff" or "Brigandi") brings this action against defendants Malverne Union Free School District and Malverne Union Free School District Board of Education ("District" or "Defendants") for age and gender discrimination, claiming violations of the Age Discrimination in Employment Act ("ADEA") and the Equal Protection Clause of the 14the Amendment under 42 U.S.C. § 1983. Defendants move to dismiss the actions under Federal Rules of Civil Procedure ("Fed.R.Civ.Pro."), Rule 12(b)(6).

        As alleged in the complaint, Plaintiff is a 58-year old school technology teacher,

considered a "specialty class" within the school. Complaint ("Cmplt."), ¶¶ 2, 12-14. Plaintiff alleges that he was "the oldest specialty teacher at the School," and that his hours were reduced from full-time, causing a reduction in his compensation, first in September 2012 and again in September 2013. He alleges that none of the younger, female specialty teachers suffered a reduction of their time, and that these reductions were based upon his age and gender. Cmplt., ¶¶ 16-25.

In determining the complaint's sufficiency, the Court assumes a plaintiff's allegations to be true and draws all reasonable inferences in the plaintiff's favor. Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013). The Court remains mindful however that a plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, at 679. Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679.

Having considered the parties's submissions, the Court finds that Brigandi's complaint sufficiently states plausible claims for age and gender discrimination under the ADEA and § 1983. The Court rejects Defendants' argument that Plaintiff's claim for age discrimination under § 1983 is preempted by his ADEA claim. This is an open question in the Second Circuit. See Piccone v. Town of Webster, 511 Fed.Appx. 63, n.1 (2d Cir. 2013). As recognized by this Court and others, a plaintiff may bring a claim under § 1983 for distinct violations of constitutional rights, rather than to enforce rights conferred by statute. Reed v. Garden City Union Free School

District, 987 F.Supp.2d 260, 263-264 (E.D.N.Y. 2013); Weinstein v. Garden City Union Free School District, 2013 WL 5507153, at *20 (E.D.N.Y. Sept. 30, 2013). The Court declines to find Plaintiff's age-based § 1983 claims are preempted at this pleadings stage of the litigation.

Finding that Plaintiff's complaint sufficiently states plausible claims for relief for age and gender discrimination under the ADEA and § 1983, Defendants' motion to dismiss is denied.

SO ORDERED.

s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       November 9, 2015